NIGHT BOX
FILED

JUL 1 3 1998

CARLOS JUBAKE
CLERK USDC/SDFL/MIA

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

TERRY L. PARKER,
      Plaintiff,

vs.

THE DEPARTMENT OF CHILDREN
AND FAMILIES, f/k/a THE DEPARTMENT
OF HEALTH AND REHABILITATIVE
SERVICES,
      Defendant.
_____/

**98 - 8471**

CASE NO.

CIV-HURLEY

MAGISTRATE JUDGE
LYNCH

JURY TRIAL DEMANDED

**COMPLAINT**

      The Plaintiff, Terry L. Parker, through his undersigned counsel, files this Complaint against the Defendant, the Department of Children and Families, formerly known as, the Department of Health and Rehabilitative Services, and he states as follows:

## I.
## JURISDICTION

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.,* which provides for damages and injunctive relief, in opposition to racial discrimination in the workplace.

2.    The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. Section 1343 (3).

3.    Venue is properly placed in this district, pursuant to 28 U.S.C. Section 1391(b), because it is where the parties reside, and where the events complained of occurred.

4.    The Plaintiff has complied with all administrative prerequisites, which are necessary to file a law suit, pursuant to Title VII of the Civil Rights Act of 1964,

42 U.S.C. Section 2000(e), *et seq.*, in that he filed an appropriate charge of employment discrimination, with the Equal Employment Opportunity Commission, within three hundred (300) days of the last alleged act of discrimination.

5.    On April 30, 1998, the Equal Employment Opportunity Commission issued a Notice of Right To Sue Letter to the Plaintiff, providing him with the right to seek relief in this Court. (A copy of the Notice of Right To Sue Letter, is attached hereto, as Exhibit A).

6.    The instant action has been filed within ninety (90) days of the Plaintiff's receipt of said notice.

## II.
## PARTIES

7.    The Plaintiff, Terry L. Parker (hereinafter, referred to as, "Parker"), is a resident of Palm Beach County, Florida, and he is a former employee of the Defendant, the Department of Children and Families, formerly known as the Department of Health and Rehabilitative Services.

8.    The Plaintiff is a white American male, and the Defendant, employed him as a Public Assistance Specialist II, beginning on December 10, 1995, until his discharge from employment on May 10, 1996.

9.    The Defendant, the Department of Children and Families, formerly known as the Department of Health and Rehabilitative Services, (hereinafter, referred to as, the "Department"), is an agency of the State of Florida, and it is authorized to provide

2

a variety social services; and it is authorized to deliver various social welfare programs, to residents of this state.

10.  The Defendant is a, "person," within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(a).

11.  The Defendant is an, "employer," within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.,* because it employs more than fifteen (15) employees, and it operates business facilities within the jurisdiction of this Court.

### III.
### FACTUAL ALLEGATIONS

12.  When the Plaintiff began his employment with the Department, and throughout his tenure of employment, he was the only white employee in his work group.

13.  Throughout his tenure of employment with the Department, management prevented the Plaintiff from obtaining proper support and instruction, which would have assisted him, in the performance of his daily work as a Public Assistance Specialist II.

14.  In measuring the quality of the Plaintiff's work, in accordance with the Department's recognized performance standards, the quality of his work, as a Department employee, was indeed satisfactory.

15.  Management intentionally provided the Plaintiff with incorrect computer operating instructions, in order to facilitate a higher error rate in his work, and

based upon this alleged justification, an increasing error rate, the Plaintiff was dismissed from his position with the Defendant.

16.     Other non-white employees in the Plaintiff's work group, with similar job performance records, were not subjected to the harshest form of discipline, termination.

## COUNT I

17.     The Plaintiff restates and reavers the allegations contained within paragraphs 1 through 18 of the Complaint, as if fully set forth herein.

18.     As a white American male, the Plaintiff is a member of a protected class, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*

19.     The Plaintiff was subjected to racial discrimination, due to the imposition of the most severe disciplinary penalty, dismissal from his employment, but non-white employees, similarly situated, were not treated in this harsh manner.

20.     The Plaintiff was subjected to disparate treatment, on the basis of race, because although his job performance favorably compared, with non-white employees in his work group, he alone was discharged from his employment.

21.     The Defendant's conduct, in discharging the Plaintiff from his employment, constitutes a deliberate and willful violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*

WHEREFORE, the Plaintiff, Terry L. Parker, respectfully requests that this Court enter judgment against the Defendant, and find that the Defendant, indeed

violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq*. And order the following relief:

A)   Award the Plaintiff actual and compensatory damages;

B)   Enjoin the Defendant from continuing its discriminatory practices;

C)   Award the Plaintiff his costs and reasonable attorney's fees; and

D)   Grant any and all further and appropriate relief, which the Court deems to be just, proper and equitable.

Demand For Jury Trial

The Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
524 S. Andrews Avenue
Suite 200N
Ft. Lauderdale, Florida 33301
(954) 527-0570
Fla. Bar No. 369391


By: Mark J. Berkowitz


Dated:   July 14th, 1998.

**EXHIBIT A**

U.S. Equal Employment Opportunity Commission
# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Mr. Terry L. Parker<br>2003 Beadford Drive<br>Palm Beach Gardens, Florida 33403 | **From:** Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

☐ *On behalf of a person aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge Number | EEOC Representative | Telephone No. |
|---|---|---|
| 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 | Monica D. Smith, Investigator | (305) 530-6059 or 530-6036 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)* _____

---

### -- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice.** Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

**APR 3 0 1998**

_____
*(Date Mailed)*

_____
Federico Costales, District Director

cc:
Carolyn Dudley

Acting Staff Director for Civil Rights

State of Florida, HRS

1317 Winewood Blvd., Room 203

Tallahassee, Florida 32399-0700

Don R. Boswell

Akers & Boswell, P.A.

189 Bradley Place

Palm Beach, Florida 33480

EEOC Form 161 (10/96)

Case 9:98-cv-08471-DTKH   Document 1   Entered on FLSD Docket 07/16/1998   Page 8 of 8

# CIVIL COVER SHEET 98 - 8471

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

TERRY PARKER

**DEFENDANTS** CIV-HURLEY   MAGISTRATE JUDGE
LYNCH

THE DEPARTMENT OF CHILDREN AND FAMILIES

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED

A. Palm Beach 9:98CV8471 Hurley/Lynch

JUL 13 1998

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mark J. Berkowitz   527-0570
524 S. Andrews Avenue Suite 200N
Ft Laud FL 33301

ATTORNEYS (IF KNOWN)

CARLOS JUENCE
CLERK USDC/SDFL/WPB

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   (PALM BEACH)   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION   (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)
AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☑ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 530 General | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | A☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The Plaintiff has made allegations of race discrimination under Title VII of the Civil Rights Act of 1964.

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES   ☐ NO

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE

DOCKET NUMBER

DATE
7/14/98

SIGNATURE OF ATTORNEY OF RECORD
Mark J. Berkowitz

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

695039 $150.00
07/14/98